AO 91 (Rev. 11/11)  Criminal Complaint

AUSA: Barbara Lanning  Telephone: (313) 226-9100
Special Agent: Christopher Pennisi  Telephone: (313) 965-2323

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
  v.
D-1  Qulante Dwane Britton
D-2  Andre Wofford

Case No.

Case: 2:20−mj−30274
Assigned To : Unassigned
Assign. Date : 8/3/2020
Description: CMP USA v. SEALED
MATTER (SO)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 18, 2020__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 371  (D-1 and D-2) | Conspiracy to commit carjacking |
| 18 USC § 2119  (D-2 only) | Carjacking |
| 18 USC § 924(c)  (D-2 only) | Use of a firearm in relation to a crime of violence (carjacking) |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Christopher S. Pennisi, Special Agent (FBI)
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __August 3, 2020__

_____
Judge's signature

City and state: __Detroit, Michigan__  Hon. Anthony P. Patti, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Christopher S .Pennisi, being duly sworn, depose and state as follows:

### I.  INTRODUCTION

1. I have been employed as a Special Agent of the Federal Bureau of Investigation for fifteen years, and am currently assigned to the Violent Crime Squad in the Detroit Division of the FBI.

2. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2501(7), that is, an officer of the United States who is empowered by the law to conduct investigations of and to make arrests for the offenses enumerated in 18 U.S.C. § 2516.

3. I have investigated federal violations concerning crimes of violence and firearms. I have gained experience through training and everyday work related to these types of investigations.

4. The statements contained in this Affidavit are based on my experience and background as a special agent and on information provided by police officers, other agents of the FBI, and other law enforcement personnel. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all of facts known to law enforcement related to this investigation.

5. This affidavit is made in support of a criminal complaint charging QULANTE DWANE BRITTON and ANDRE WOFFORD with conspiracy in violation of 18 U.S.C. § 371. To wit, BRITTON offered to make a victim available to WOFFORD and then did make that victim available, from whom WOFFORD took a motor vehicle transported, shipped, or received in interstate commerce by force and violence or by intimidation and with intent to cause death or serious bodily harm, in violation of 18 U.S.C. § 2119 (carjacking).

6. This affidavit is further made in support of a criminal complaint charging WOFFORD with taking a motor vehicle transported, shipped, or received in interstate commerce from the person or presence of another by force and violence or by intimidation and with intent to cause death or serious bodily harm in violation of 18 U.S.C. § 2119.

7. This affidavit is also made in support of a criminal complaint charging WOFFORD with use of a firearm in relation to a crime of violence (carjacking) in violation of 18 U.S.C. § 924(c).

## II.   SUMMARY OF THE INVESTIGATION

8. On July 18, 2020, minor victim 1 (MV-1), was driving his 2008 Chevrolet Impala, VIN number 2G1WT58K089228644, with a friend in the front passenger seat.

9. At approximately 11:00 p.m., MV-1 picked up QULANTE DWANE BRITTON, from 2244 Montclair Street in Detroit, Michigan. MV-1 knew BRITTON as "Q." BRITTON entered the back seat of MV-1's vehicle.

10. BRITTON told MV-1 that he wanted to act as the middleman in the sale of marijuana between MV-1 and a male BRITTON told MV-1was his cousin. BRITTON was going to make money by charging his "cousin" more for the marijuana than MV-1 charged BRITTON for it.

11. The male BRITTON represented to MV-1 as his cousin was later identified as ANDRE WOFFORD, who is not related to BRITTON by blood.

12. MV-1 drove his vehicle as BRITTON directed him to the area of . East Warren and Nottingham Road. Once they got to Nottingham Road, BRITTON pointed out WOFFORD standing on the street. BRITTON directed MV-1 to pull up next to WOFFORD.

13. As MV-1 pulled up to WOFFORD, BRITTON rolled down the back window to let his "cousin" know that he was in the car. WOFFORD then got into the backseat of the vehicle, next to BRITTON.

14. Once WOFFORD was in the car, he asked MV-1 to take him to an automated teller machine. MV-1 asked him where they could find one and WOFFORD proceeded to give MV-1 directions. WOFFORD directed MV-1 to a street full of abandoned houses. It was later determined that WOFFORD directed

-3-

MV-1 to drive to or near the intersection of Barham and Southampton Streets in the city of Detroit in the Eastern District of Michigan.

15. WOFFORD then drew a handgun, fired one round through the windshield of MV-1's vehicle and demanded the possessions of everyone in the car. When MV-1's vehicle was ultimately recovered, it had a bullet hole in the windshield. *See* Image 15a:



**Image 15a**

16. MV-1 surrendered approximately $100 in cash to WOFFORD along with his iPhone 11. MV-1's friend surrendered his cellular phone upon WOFFORD'S demand, but told WOFFORD that the money he had was fake prop money and that WOFFORD wouldn't want it. WOFFORD said that he wanted everything, so MV-1's friend gave WOFFORD the prop money.

-4-

17. WOFFORD grabbed the prop money from MV-1's friend, observed that it was fake, and threw it out the car window. Later, responding officers recovered approximately $160 in prop money from the carjacking scene. Officers also recovered a shell casing from a 9mm handgun.

18. BRITTON also surrendered the cash and marijuana in his possession.

19. After receiving everyone's possessions, WOFFORD then came forward from the back seat into the front seat of the car and took the keys out of the ignition while pointing the handgun at MV-1. WOFFORD then exited the car.

20. Once he got out of the car, MV-1 asked WOFFORD for the keys to the car back since he had already robbed them, but WOFFORD responded "no, run." MV-1 and his friend ran off. MV-1 eventually stopped to look back at WOFFORD. WOFFORD then pointed the gun at MV-1 again, so he continued running.

21. At some point after the robbery, MV-1 returned to the area that he last saw his vehicle in, but it was gone.

22. On July 23, 2020, BRITTON was arrested for outstanding traffic warrants. BRITTON was then advised of his *Miranda* rights and interviewed.

23. BRITTON admitted to his role setting up the robbery and carjacking of MV-1. BRITTON stated that even though he turned over his property to WOFFORD, that property was ultimately returned to him. BRITTON stated that

WOFFORD gave him the keys to MV-1's Impala and he drove it away from the scene.

24.  Per Michigan Secretary of State records, WOFFORD's address is 5285 Balfour Road in Detroit, Michigan. WOFFORD was on probation at the time of the carjacking, and reported the same Balfour address to probation.

25.  On July 18, 2020, BRITTON had a GPS tether affixed to his leg in relation to his involvement in an unrelated criminal case.

26.  BRITTON'S tether data reveals that both before and immediately after the robbery and carjacking of MV-1, BRITTON was physically present at WOFFORD'S house on Balfour Road.

27.  On July 19, 2020. MV-1 was shown a photo array containing a picture of BRITTON along with five additional males of similar age, height, weight and hair style. MV-1 selected the photo of BRITTON from the array and identified him as the person he knew as "Q."

28.  On July 28, 2020, MV-1 was shown a photo array containing a picture of WOFFORD along with five additional males of similar age, height, weight and hair style. MV-1 selected the photo of WOFFORD from the array and identified him as the person who robbed the occupants of his vehicle and took his keys on July 18, 2020.

29. A search of internet based VIN number databases indicated that the 2008 Chevrolet Impala that WOFFORD took from MV-1 at gunpoint was made in Canada. As such, the vehicle was transported, shipped, or received in interstate commerce.

30. WOFFORD is currently on HYTA probation to the 38th District Court of Michigan for Domestic Violence.

31. BRITTON is currently on bond for felony charges—Assaulting, Resisting, Obstructing Police and Fleeing and Eluding Third Degree—out of the Third Circuit Court of Michigan.

### III. CONCLUSION

32. Based on the above information, probable cause exists that BRITTON and WOFFORD conspired to take a motor vehicle, from the person or presence of another, by force and violence or by intimidation, and with intent to cause death or serious bodily harm in violation of 18 U.S.C. § 2119. To wit, WOFFORD took a 2008 Chevrolet Impala from MV-1 after shooting a handgun in his direction, robbing him of his possessions, then taking his car keys, and driving off in MV-1's vehicle.

33. This affidavit is made in support of a criminal complaint charging QULANTE DWANE BRITTON and ANDRE WOFFORD with conspiracy in violation of 18 U.S.C. § 371. To wit, BRITTON offered to make a victim available

to WOFFORD and then did make that victim available, from whom WOFFORD took a motor vehicle transported, shipped, or received in interstate commerce by force and violence or by intimidation and with intent to cause death or serious bodily harm, in violation of 18 U.S.C. § 2119 (carjacking).

34. This affidavit is further made in support of a criminal complaint charging WOFFORD with taking a motor vehicle transported, shipped, or received in interstate commerce from the person or presence of another by force and violence or by intimidation and with intent to cause death or serious bodily harm in violation of 18 U.S.C. § 2119, and use a firearm in relation to a crime of violence (carjacking) in violation of 18 U.S.C. § 924(c).

35. As the Chevrolet Impala taken by WOFFORD and BRITTON was manufactured outside of the state of Michigan, the vehicle was "shipped, or transported in interstate commerce" as recited in 18 U.S.C. § 2119.

36. Therefore, probable cause exists to believe that BRITTON and WOFFORD violated 18 U.S.C. § 2119 with respect to MV-1.

37. MV-1 described WOFFORD as possessing and shooting a firearm during the carjacking. The physical evidence—the spent shell casing and the bullet hole in MV-1's windshield—corroborate MV-1's statements.

38. Therefore, probable cause exists that WOFFORD used a firearm in relation to a crime of violence (carjacking), in violation 18 U.S.C. § 924(c)(1)(A).

39.     In consideration of the foregoing, I respectfully request that this Court issue a complaint against BRITTON and WOFFORD for violation of 18 U.S.C. §§ 371 and 2119, and additionally against WOFFORD for violation of 18 U.S.C. § 924(c)(1)(A).

40.     Further in consideration of the foregoing, I respectfully request that this Court issue arrest warrants for BRITTON and WOFFORD for violation of 18 U.S.C. §§ 371 and 2119, and additionally against WOFFORD for violation of 18 U.S.C. § 924(c)(1)(A).

Respectfully submitted,

_____
Christopher S. Pennisi, Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
HON. ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Dated: August 3, 2020